THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2012 JAN 25 PM 3: 11

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CUNG HNIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: |
| | ) |
| TOA (USA) LLC, | ) |
| | ) |
| Defendant. | ) **1:12-cv-0116 SEB-MJD** |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cung Hnin (hereinafter "Mr. Hnin"), by counsel, files his complaint for damages and injunctive relief against TOA (USA) LLC (hereinafter "TOA") and in support of his action states as follows:

### NATURE OF THE CASE

1. This is an action for discrimination based on national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* for intentional infliction of emotional distress and promissory estoppels under the laws of the State of Indiana.

### JURSIDICTION AND VENUE

2. There is federal question jurisdiction under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1343 and the doctrine of pendent jurisdiction.

3. Venue is proper in this Court since the actions complained of herein took place in the State of Indiana.

### ADMINISTRATIVE REMEDIES

1

4. Mr. Hnin filed charges with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on or about November 1, 2011. This complaint is filed within ninety (90) days of receipt of said notice.

## PARTIES

5. Mr. Hnin is a person of Chin ethnicity from Myanmar (formerly Burma) and a legal resident of the United States.

6. Mr. Hnin worked for TOA in its Mooresville, Indiana facility.

7. TOA manufactures automotive metal parts and operates a plant in Mooresville, Indiana.

8. This particular location employs over 320 associates, approximately half of whom are of Asian dissent and comprised of mostly Chin individuals.

9. TOA is an employer within the meaning of 42 USC §2000e-b.

10. Mr. Hnin is an employee of TOA as defined under 42 USC §2000e-2(a)(1), (2).

## FACTS

11. Mr. Hnin started working for TOA in February of 2007 as a temporary employee.

12. In August of 2007 Mr. Hnin was offered a position as a full-time Production Associate.

13. Mr. Hnin started in 2007 at $9.50 per hour and received regular pay increases, based on merit, with the ending pay rate of $13.00 per hour in August of 2010.

14. At all times during his employment Mr. Hnin met or exceeded his employer's legitimate business expectations.

15. During the scope relevant to this litigation, Mr. Hnin applied to the Team Leader position in the Stamping Department, were he worked for the duration of his employment at TOA, on June 29, 2009; September 30, 2009; and January 6, 2010.

16. Team Leaders are hourly associates that occupy a position between other hourly associates and the shift supervisor; and assume a managerial role in terms of assisting hourly employees and providing guidance.

17. Team Leaders receive at least $1.50 per hour more than hourly associates and numerous opportunities for overtime.

18. The Team Leader positions for the June 29, 2009 application period were awarded to Jack Murphy (first shift) and Jonathon Mize (second shift).

19. Mr. Murphy and Mr. Mize are of American decent.

20. Mr. Murphy and Mr. Mize had less seniority with TOA than Mr. Hnin and no experience with handwork, which the position required.

21. The September 30, 2009 application period resulted in the selection of Tom Taylor, also an American individual.

22. The January 6, 2010 position was awarded to James Scherschel, also an American employee.

23. Both Mr. Taylor and Mr. Scherschel were less qualified than Mr. Hnin to receive these positions.

24. Prior to his applications, Mr. Hnin was already functioning in a Team Leader capacity and would help direct associates' work; translate for Chin individuals during training and in meetings (Mr. Hnin is tri-lingual in Chin, Burmese and English); had a perfect attendance record; was available to work regular overtime shifts on short notice; had knowledge of the Stamping Department, Handwork Department and Welding Department and otherwise met the Team Leader job position requirements.

25. Mr. Hnin had previously voiced his objection to the company that American individuals were hired by the company at a higher rate of pay than Chin individuals; promoted to full-time from temporary status as a faster pace; received more training; were not required to follow the 5S policies by the company; and were promoted within the company more rapidly.

26. Specifically, in January of 2010 Mr. Hnin complained to Human Resources that although the company employed primarily Chin individuals, none were in management roles and most received less, in full-time positions, than temporary American employees.

27. Additionally, in November of 2010 Mr. Hnin complained to his direct supervisor and the Vice President of the factory that U.S. born individuals were not required to follow the 5S policies mandated by the company while Chine individuals were held to this standard.

28. On December 12, 2010 a temporary employee, April Brock (American) complained that Mr. Hnin had been harassing her.

29. Ms. Brock started working for TOA on November 10, 2010, as a temporary employee in the Stamping Department.

30. Mr. Hnin denies making any statement or having any conversations with Ms. Brock other than a limited amount of topics related to work.

31. During her two month period of employment Ms. Brock experienced a number of attendance issues and was late in arriving for her shift by nearly two (2) hours on December 12, 2010.

32. Approximately an hour after Ms. Brock's allegations were made, Mr. Hnin was called into a meeting by his supervisor and was informed that he was being terminated.

33. Mr. Hnin denies harassing Ms. Brock and notes that individuals of other national origin, with no prior complaints in their file, were reprimanded but not terminated by the company on the basis of harassment allegations, are given an opportunity to make a rebuttal statement and the company conducts an investigation during which the alleged harasser may present rebuttal testimony, evidence and witnesses.

34. Mr. Hnin believes the company used Ms. Brock's unfounded allegations as a pretext for his termination.

35. As a result of the termination, Mr. Hnin suffered a loss of income and incurred substantial expenses.

36. As a result of the acts of discrimination, Mr. Hnin suffered emotional harm and harm to his reputation.

37. TOA's acts of discrimination were performed with malice and reckless indifference to Mr. Hnin's protected civil rights.

## COUNT I
### (National Origin Discrimination)

38. Mr. Hnin repeats and realleges each and every allegation contained in paragraphs 1 through 37 of this Complaint with the same force and effect as if set forth herein.

39. Mr. Hnin was a full-time employee of TOA from August 2007 to December 2010 as a Production Associate.

40. Mr. Hnin was born and raised in Myanmar (previously known as Burma).

41. TOA has discriminated against Mr. Hnin in the terms and conditions of his employment with respect to compensation, terms, conditions, privileges of employment, failure to promote, and termination with malice and reckless indifference to his federally protected

rights, on the basis of his national origin in violation of Title VII, as amended, 42 USC §2000e *et. seq.*

42. Mr. Hnin is now suffering and will continue to suffer irreparable injury and monetary damages as a result of TOA's discriminatory practices unless and until this Court grants relief.

## COUNT II
### (Retaliation)

43. Mr. Hnin repeats and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as if set forth herein.

44. TOA retaliated against Mr. Hnin and has denied him opportunities for advancement and employment on the basis of his complaints of national original discrimination, in violation of Title VII, as amended, 42 USC §2000e *et. seq.*

45. Mr. Hnin is now suffering and will continue to suffer irreparable injury and monetary damages as a result of TOA's retaliatory practices unless and until this Court grants relief.

## COUNT III
### (IIED)

46. Mr. Hnin repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint with the same force and effect as if set forth herein.

47. TOA's acts of discrimination and retaliation were performed with malice and reckless indifference to Mr. Hnin's protected civil rights.

48. As a direct and proximate result of said acts, Mr. Hnin has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and

suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

## COUNT IV
### (Promissory Estoppel)

49. Mr. Hnin repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as if set forth herein.

50. TOA policies and procedures provide that progressive discipline shall be used to terminate employees and any allegations of harassment shall be fully investigated.

51. Mr. Hnin reasonably relied on this promise in accepting his employment with the company.

52. TOA did observe its policies and procedures and terminating Mr. Hnin's employment.

53. Injustice can only be avoided by enforcing TOA promise to use progressive discipline and to reinstate Mr. Hnin to his position.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Hnin demands a trial by jury in this action on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cung Hnin, by counsel, respectfully prays this Court:

(a) Enter a judgment declaring that the acts and practices of TOA are in violation of the law of the United States;

(b) Issue a permanent injunction:

    1. Requiring TOA to abolish national origin discrimination within and among its departments and positions by means of an affirmative action plan, giving preference to members of the Chin descent, specifically Mr. Hnin, in establishing goals and time tables for the hiring, placement, rehiring and promotion of Chin employees.

(c) To award Mr. Hnin under Title VII all the pay and fringe benefits he has lost as a result of TOA's unlawful discrimination against him;

(d) To award Mr. Hnin, under Title VII, compensatory and punitive damages;

(e) Enter a judgment against the TOA in favor of Mr. Hnin in the amount of back pay and, if appropriate, front pay owed to Mr. Hnin by virtue of failure to rehire, together with prejudgment interest thereon at the applicable adjusted prime rates from the date on which such wages should have been paid, post-judgment interest, and all other benefits incident to a promotion including appropriate adjustments to Mr. Hnin retirement accounts, if any;

(f) Enter a judgment against TOA and in favor of Mr. Hnin for out of pocket expenses and incidental financial losses incurred by Mr. Hnin on account of TOA's unlawful and racially discriminatory employment practices as aforesaid;

(g) Enter a judgment against TOA and in favor of Mr. Hnin for compensatory damages and punitive damages;

(h) Enter a judgment for Mr. Hnin of the reasonable attorney's fees and costs pursuant to § 706(k) of Title VII, 42 USC §2000e-5(k); and

(i) Award Mr. Hnin such further and additional relief as the Court may deem just and proper.

Date: <u>January 23, 2012</u>                    Respectfully submitted,

_____
Diamond Z. Hirschauer
The Law Offices of Diamond Z. Hirschauer PC
151 N. Delaware St. Ste. 1620
Indianapolis IN 46204
T: 317-632-9394
F: 317-632-9395
DZHirschauer@dzhlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Complaint and Prayer for Jury Trial* has been served upon the following this 23rd / 25th day of January, 2012, via certified mail:

TOA (USA) LLC
c/o Tim Clayton
2000 Pleides Dr.
Mooresville IN 46158

_____
Diamond Z. Hirschauer

The Law Offices of Diamond Z. Hirschauer PC
151 N. Delaware St. Ste. 1620
Indianapolis IN 46204
T: 317-632-9394
F: 317-632-9395
DZHirschauer@dzhlaw.com

Attorneys for Plaintiff